JACOB LEWIT & SON, Plaintiff, Appellant, *v.* LAZELL, PERFUMER, Defendant, Respondent.

County Court, Orange County, January, 1924.

Sales — action by purchaser for breach of contract — parol evidence admissible to show meaning of word "return"— when evidence does not vary terms of contract.

Where by the terms of a written contract of sale the purchaser is given liberty to return any of the merchandise left on hand after a certain date, parol evidence to show that "return" meant in exchange for other merchandise and not for a cash refund, does not contradict the agreement and is admissible.

ACTION for goods sold and delivered.

*Henry Hunter,* for plaintiff, appellant.

*Graham Witschief (Augustus W. Bennet,* of counsel), for defendant, respondent.

WIGGINS, J. Defendant sold merchandise to the plaintiff on the usual salesman order blank, upon which was written: " Sold

with the understanding that should any of the above merchandise be left on hand after January 15th, Jacob Lewit & Son are at liberty to return the same to Lazell."

The appeal is based primarily on an alleged error in the admission of testimony offered by the respondent, to show that there was a trade custom or usage whereby the word " return," as used in the contract between the parties, meant that the goods might be returned by the buyer to the seller, in exchange for other merchandise, and not for a cash refund.

Appellant claims that oral testimony could not be given as it would vary the terms of a written instrument. I do not think this is correct. The rule is that when an agreement has been reduced to writing the contents of the written agreement cannot be contradicted, added to, altered or varied by parol evidence. To this rule there are a number of exceptions. One is, that parol evidence is admissible to show that a certain term or expression in the contract by trade usage has acquired a particular meaning, or even a meaning different than the term would have by ordinary usage. *Gumbinsky Bros. Co.* v. *Smalley,* 203 App. Div. 661; affd., 235 N. Y. 619.

Such testimony does not contradict the written evidence.

In the case at bar there is an authority to return the goods, but the contract does not say what is to happen when the goods are returned. Testimony was offered to show the trade usage of the expression " return." This evidence was properly admitted. The testimony given was not contradicted and justified the judgment rendered.

The judgment is accordingly affirmed, with costs.

Judgment accordingly.